

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00167-CR

---

JUAN CHARLES BLEA                                      APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Juan Charles Blea pleaded nolo contendere to the charge of assault—family violence. In accordance with the State's recommendation, the trial court sentenced Blea to twelve months' deferred adjudication community supervision and a $400 fine. Following a show-cause hearing after which the trial court found that Blea had violated his community supervision, the trial court modified the terms of Blea's community supervision by ordering him to serve

---

[1]*See* Tex. R. App. P. 47.4.

three weekends in the county jail. Eventually, the State filed a motion to revoke community supervision and to proceed with an adjudication of guilt based on numerous alleged violations of the terms of Blea's community supervision. A hearing was held on the motion to adjudicate; and after finding seven of the alleged violations to be true, the trial court granted the motion and sentenced Blea to two hundred days in jail.

During the punishment phase of the hearing, the prosecutor made the following statements to the judge in his closing argument:

> Judge, what we've heard so far is that this defendant actually appeared before you for a show-cause, where you gave him what I would probably count as almost a third chance. He was clearly not in compliance with what was going on. That's why you were seeing him. And at that point, you asked him to do some weekends in jail. And while I understood that you were most likely doing that because you wanted to send a message to this particular defendant, it didn't make its way at all into the defendant at all, because that is the point at which we really start to see the defendant falter.
>
> . . .
>
> That's why I think the message in this case needs to be much worse, much more severe. Let him know that we're not going to allow him to come into our community, make a grievance, get second chances, third chances, and then just spit in our face.

In his sole issue for appeal, Blea contends that the prosecutor committed reversible error by using language in closing arguments that was outside the scope of evidence and manifestly improper. But Blea failed to object at the hearing to any of the prosecutor's arguments. If a defendant fails to object to a prosecutor's argument or fails to pursue an adverse ruling on his objection to a

2

prosecutor's argument, the defendant forfeits the right to complain about the argument on appeal. Tex. R. App. P. 33.1; *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997); *see also Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (failure to object to prosecutor's argument during punishment phase forfeits right to complain about argument on appeal); *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002) (declining to overrule *Cockrell*). Because Blea did not object to the prosecutor's remarks, he has forfeited this claim on appeal, and we overrule Blea's sole issue.

Having overruled Blea's sole issue, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 16, 2012